**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
In Admiralty**

Case No. 4:19-cv-145-BO

| | |
|---|---|
| U.S. WIND, INC.,<br><br>                           Plaintiff,<br><br>    v.<br><br>U.S. WIND MET MAST TOWER, *in rem*,<br><br>                           Defendant. | **MEMORANDUM IN SUPPORT OF MOTION FOR EXPEDITED HEARING WITH RESPECT TO LOUISIANA INTERNATIONAL MARINE'S MOTION TO INTERVENE AND MOTION FOR PAYMENT OF *CUSTODIA LEGIS* EXPENSES AND FOR ADDITIONAL SECURITY** |

Plaintiff-Intervenor Louisiana International Marine, LLC ("LIM"), by and through undersigned counsel, respectfully submits this memorandum in support of its motion for expedited hearing with respect to LIM's motion to intervene (ECF No. 24) and its motion for payment of *custodia legis* expenses and for additional security (ECF No. 31).

1.      On October 9, 2019, Plaintiff U.S. Wind, Inc. ("U.S. Wind") filed a Verified Complaint for Arrest (ECF No. 1) against the U.S. Wind MET Mast Tower (the "MET Tower"), *in rem*, seeking possession of the MET Tower pursuant to Supplemental Rule D of the Federal Rules of Civil Procedure.

2.      On October 10, 2019, upon the request of U.S. Wind, the Court entered an Order for Issuance of Warrant of Arrest of the MET Tower (ECF No. 8) and an Order appointing LIM as the Substitute Custodian of the MET Tower (ECF No. 9).

3.      U.S. Wind is the owner of the MET Tower.  The MET Tower is secured to the Barge MARMAC-261.  The Barge MARMAC-261 is secured to and in the tow of the Tug LA ELITE.  LIM is the owner and operator of the Tug LA ELITE.

4.      LIM did not consent to its arbitrary appointment as the Substitute Custodian of the MET Tower.

5.      On October 10, 2019, the U.S. Marshal served the Warrant for Arrest (ECF No. 10) on the master of the Tug LA ELITE while the vessel was berthed at the Port of Morehead City, North Carolina (ECF No. 22).

6.      The Marshal never took physical custody of the MET Tower.

7.      From the period of October 10, 2019 to the present, the MET Tower remains secured to the Tug LA ELITE and under the care of the vessel's crew.

8.      Since October 10, 2019, LIM has been forced to serve as the *de facto* custodian for the MET Tower.  LIM has incurred costs in storing and safekeeping the arrested MET Tower for the benefit of U.S. Wind (the arresting party).

9.      On November 11, 2019, LIM filed a motion to intervene (ECF No. 24) seeking to intervene in this action to recover expenses incurred in the storage and safekeeping of the MET Tower.

10.      On November 22, 2019, LIM filed a motion for payment of *custodia legis* expenses and for additional security (ECF No. 31) seeking to have its storage and safekeeping expenses of the MET Tower paid as *custodia legis* expenses and to have U.S. Wind provide security sufficient to pay of continued *custodia legis* expenses while the MET Tower remains under arrest.

11.      Pursuant to Local Admiralty Rule E.5(a), an expedited hearing related to LIM's motion to intervene and motion for payment of custodia legis expenses is warranted.  Local Admiralty Rule E.5(a) states as follows:

Rule E.5 Post Arrest Procedure

(a) <u>Whenever property is arrested, attached or garnished, any person claiming an interest in the property shall be entitled to a prompt hearing before the court</u> on notice to the party bringing the arrest, attachment or garnishment and to all other

parties who have appeared in the action.  <u>The hearing shall be noticed and scheduled as is a hearing on a request for temporary restraining order</u>.  At the hearing, the party that obtained the arrest, attachment or garnishment shall show cause why the arrest, attachment or garnishment order should not immediately be vacated or other appropriate relief granted.

Local Admiralty Rule E.5(a) (emphasis added).

12.     Rule 6 of the Federal Rule of Civil Procedure provides that as a default, "a written motion and notice of the hearing must be served at least 14 days before the time specified for the hearing." Fed. R. Civ. P. 6(c)(1).  However, Rule 6(c)(1)(C) provides that a court may set a different time for a hearing schedule. Fed. R. Civ. P. 6(c)(1)(C).

13.     LIM respectfully submits that an expedited hearing is necessary to protect LIM from continued hardship resulting from the arrest of the MET Tower.  LIM is an innocent bystander to the dispute between U.S. Wind and InterMoor, Inc. ("<u>InterMoor</u>").  Both parties are fighting over possession of the MET Tower and have related federal court lawsuits pending in other jurisdictions.  However, while U.S. Wind and InterMoor fight over possession of the MET Tower, neither party is paying for LIM's expense in storing and safekeeping the MET Tower. LIM's expenses are significant and continue to accrue daily.  As set forth in greater detail in LIM's motion for payment of *custodia legis* expenses, LIM has incurred expenses of $339,628.52 for the period of October 10, 2019 – November 22, 2019.  Despite demand, both U.S. Wind and InterMoor has failed to pay LIM for any storage and safekeeping expenses since the arrest of the MET Tower on October 10, 2019.

WHEREFORE, LIM respectfully requests that the Court set an expedited hearing with regard to LIM's motion to intervene (ECF No. 24) and its motion for payment of *custodia legis* expenses and for additional security (ECF No. 31).

Dated: November 22, 2019

ALEXANDER RICKS PLLC

/s/ Louis G. Spencer
Louis G. Spencer
N.C. Bar No.  0605451
1420 East 7th Street; Suite 100
Charlotte, NC 28204
Telephone: (980) 335-0711
Fax: (704) 365-3676
louis@alexanderricks.com

*Counsel for Louisiana International Marine, LLC*

CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served through the CM/ECF system transmission on all parties receiving electronic filing notifications in this case, including:

Geoffrey A. Losee
Laura K. Greene
Rountree Losee, LLP
2419 Market Street Wilmington, NC 28403
glosee@rountreelosee.com
kgreene@rountreelosee.com
Counsel for Plaintiff U.S. Wind, Inc.

Andrew J. Hanley
Andrew Darrell Penny
Crossley McIntosh Collier Hanley & Edes, PLLC
5002 Randall Parkway
Wilmington, NC 28403
andrewh@cmclawfirm.com
andrewp@cmclawfirm.com
Counsel for Intervenor InterMoor, Inc.

Dated: November 22, 2019

ALEXANDER RICKS PLLC

/s/ Louis G. Spencer
Louis G. Spencer
N.C. Bar No.  0605451
1420 East 7th Street; Suite 100
Charlotte, NC 28204
Telephone: (980) 335-0711
Fax: (704) 365-3676
louis@alexanderricks.com

*Counsel for Louisiana International Marine, LLC*